IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARSHA CHANEY, ) | |
| AIS #201607, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:11-CV-200-MEF |
| ) | [WO] |
| ) | |
| KARLA JONES, et al. ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint filed by Marsha Chaney ["Chaney"], a state inmate, on March 18, 2011. In her complaint, Chaney alleges the defendants denied her due process in a disciplinary proceeding during her confinement at the Julia Tutwiler Prison for Women.

Pursuant to the orders of this court, the defendants filed a written report supported by relevant evidentiary materials in which they addressed the claims for relief presented by Chaney. The report and evidentiary materials refute the self-serving, conclusory allegations presented in the instant cause of action. Specifically, the report demonstrates the defendants did not violate Chaney's constitutional rights with respect to the disciplinary lodged against her for assaulting another inmate. The court thereafter issued an order directing Chaney to file a response to the written report. *Order of June 27, 2011 - Court*

*Doc. No. 17*. The order advised Chaney that her failure to respond to the defendants' written report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [her failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted Chaney for filing a response in compliance with the directives of this order expired on August 18, 2011. *Order of July 7, 2011 - Court Doc. No. 20*. As of the present date, Chaney has failed to file a requisite response in opposition to the defendants' written report. In light of the foregoing, the court concludes that this case should be dismissed.

    The court has reviewed the file in this case to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case without prejudice is the proper course of action. Chaney is an indigent state inmate. Thus, the imposition of monetary or other punitive sanctions against her would be ineffectual. Additionally, Chaney has exhibited a lack of deference for this court and its authority as she has failed to comply with explicit directives of an order requisite to the disposition of the issues presented in this case. It is therefore apparent that any additional effort by this court to secure her compliance would be unavailing. Consequently, the court concludes that the plaintiff's abandonment of her claim, her failure to comply with the

orders of this court and her failure to properly continue prosecution of this cause of action warrant dismissal of this case.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that on or before September 30, 2011 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down

prior to the close of business on September 30, 1981.

    Done this 15th day of September, 2011.


                                          /s/Terry F. Moorer
                                          TERRY F. MOORER
                                          UNITED STATES MAGISTRATE JUDGE